The Disciplinary Review Board having filed with the Court its decision in DRB
*318 17-180, concluding that MICHAEL B. ADELHOCK of WOODLAND PARK, who was admitted to the bar of this State in 1989, and who has been temporarily suspended from the practice of law since July 31, 2013, should be suspended from the practice of law for a period of three years for violating RPC 1.4(b) (failure to communicate with client); RPC 1.15(a) (failure to safeguard funds); RPC 1.15(b) (failure to promptly disburse funds); RPC 1.15(d) and Rule 1:21-6(recordkeeping); RPC 5.5 (a(1)(practicing while ineligible); RPC 8.1(b) (failure to cooperate with disciplinary authorities); RPC 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation); RPC 8.4(d) (conduct prejudicial to the administration of justice);
And the Disciplinary Review Board having further concluded that MICHAEL B. ADELHOCK should satisfy certain conditions to be allowed to practice law;
And good cause appearing;
**360 It is ORDERED that MICHAEL B. ADELHOCK is suspended from the practice of law for a period of three years and until the further Order of the Court, effective immediately; and it is further
ORDERED that MICHAEL B. ADELHOCK must comply with the following conditions prior to reinstatement to practice:
(1) provide to the OAE all Rule 1:21-6 records from May 1, 2010 to July 31, 2013, and otherwise fully comply with Rule 1:21-6; (2) attend the N.J. CLE course titled "New Jersey Trust and Business Accounting" or an equivalent program approved by the OAE and pre-pay costs associated with this program (respondent shall not count any such credits toward his CLE requirements); (3) provide the OAE proof of his resolution of his outstanding tax liabilities to the State of New Jersey and Internal Revenue Service, including proof that he has filed tax returns for all years outstanding or proof that he has entered into a written payment plan with State and Federal tax authorities; and (4) fully comply with the requirements of Rule 1:20-20; and it is further
ORDERED that respondent comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that following reinstatement to practice, respondent provide the OAE with monthly reconciliations on a quarterly basis, until further Order of the Court; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further **361 ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.